In the Matter of the AWARDS OF ATTORNEY FEES in: Office of Hearing Examiner's Docket No. 19–91–553, Docket No. 19–91–84, Docket No. 19–86–380, Docket No. 19–92–651, Docket No. 19–91–681, Docket No. 19–86–761, Docket No. 19–91–614, Docket No. 19–91–253, Docket No. 19–92–471.

No. 95–190.

Supreme Court of Wyoming.

July 24, 1996.

Gerald W. Laska, Senior Assistant Attorney General, and Jennifer A. Evans, Assistant Attorney General, Cheyenne, for Appellant.

Charles D. Phillips, Evanston, for Appellee.

Before THOMAS, MACY, TAYLOR and LEHMAN, JJ., and VOIGT, District Judge.

ORDER REMANDING CASE TO OFFICE OF ADMINISTRATIVE HEARINGS

PER CURIAM.

This case came on before the Court upon the Brief of Appellant, filed herein on behalf of the Wyoming Workers' Compensation Division (Division), on September 7, 1995; the Brief of Appellee, filed herein on behalf of Charles D. Phillips, on October 27, 1995; and the oral argument of Mr. Gerald W. Laska and Mr. Charles D. Phillips on December 14, 1995, and the Court, having considered the record and the files of the Court and being fully advised in the premises, finds that the issue in the case as stated by the Division and accepted by Charles D. Phillips is:

> Whether the hearing examiner abused his discretion in awarding attorney's fees where the applications were untimely filed and/or the amounts requested were clearly unreasonable.

The Court also finds that the Division opposed, in nine cases, a Motion for Additional Attorney's Fees filed in each of the respective cases by Charles D. Phillips; following a hearing, the Hearing Examiner, on behalf of the Office of Administrative Hearings, entered an Order Awarding Attorney's Fees in each of the respective cases; the Division filed a Motion for Reconsideration, which was denied in each of the respective cases; the Division filed a Petition for Review of Administrative Action in each of the respective cases; the District Court of the Third Judicial District in and for Uinta County entered an Order Granting Consolidation and Certification; this case is the first formal challenge of an award of attorney fees in a workers' compensation case since the enactment of WYO. STAT. § 1–14–126(b) (1995 Supp.); the record before the Court is deficient with respect to the factors articulated in WYO. STAT. § 1–14–126(b); "[a]n insufficient record to support the decision made may justify the dismissal of the appeal, *Johnson v. Statewide Collections, Inc.*, 778 P.2d 93 (Wyo.1989), or may merit remand for further hearing by the administrative agency. * * * " (*State ex rel. Wyoming Workers' Compensation Div. v. Brown*, 805 P.2d 830, 834 (Wyo.1991)); the case should be remanded to the Office of

Administrative Hearings for the purpose of presenting the evidence with respect to the factors set forth in WYO. STAT. § 1–14–126(b); the Office of Administrative Hearings then may adhere to, or modify, its orders awarding attorney fees; the record should be supplemented to reflect the proceedings had and the decision made; this Court should not retain jurisdiction; and any future review should be conducted as a new proceeding; and it, therefore, is

ORDERED that the case be remanded to the Office of Administrative Hearings for the purpose of receiving such additional evidence and adhering to, or modifying, its orders awarding attorney fees; and it further is

ORDERED that any future review shall constitute a new proceeding.